[Civ. No. 10562. First Appellate District, Division Two.—October 19, 1937.]

FRANCISCO PASSANTINO et al., Appellants, v. AMERICAN TRUST COMPANY (a Corporation), Respondent.

John Barton O'Brien for Appellants.

Henry E. Monroe, Julia M. Easley and Brobeck, Phleger & Harrison for Respondent.

STURTEVANT, J.—Plaintiffs, Francisco Passantino and Rosa, his wife, have appealed from a judgment in favor of the defendant quieting title to certain lands in Monterey County. In their complaint the plaintiffs claimed to be the

owners and entitled to possession. In its answer the defendant denied such claims and pleaded the laches of the plaintiffs and also certain statutes of limitation. It also filed a cross-complaint. In the latter pleading it set forth that heretofore it was the owner of a certain promissory note the payment of which was secured by a deed of trust, that a default occurred in the payment of said promissory note, the deed of trust was foreclosed, and that the defendant purchased the property at the foreclosure sale and ever since has been and is now the owner thereof.

The controversy arises out of the following facts: Francisco Passantino, hereinafter referred to as Francisco Passantino, Sr., was born in Italy. While residing in that country he married Antonia Balistreri. To them a son was born, this plaintiff, and who will hereinafter be called Francisco Passantino, Jr. While the plaintiff was a small child his father came to this country. He entered under the name of Guitano Balistreri and under the same name on January 23, 1891, he was naturalized. Soon after he arrived in America the father went to Santa Clara County and commenced to farm and continued in that occupation down to the time of his death. At the places where he resided he was known under both of the above-mentioned names. The plaintiff at about the age of ten came to this country and at once went to where his father was residing. At all times the plaintiff went under his true name. The plaintiff learned to read and write. When his father was naturalized he signed his name by making his mark. Whether he later became able to write his name is a controverted fact in the case.

Francisco Passantino, Sr., acquired two different parcels of land in Monterey County. One contained ten acres and the other contained 53.40 acres. Both parcels were claimed by the plaintiff in his original complaint, but later he dismissed as to the ten-acre tract, and the larger tract only is now involved in this action. The latter tract was formerly owned by Ralph Lowe. In 1902 he leased it to F. Balistreri & Co. At that time the father was known by both names as hereinabove mentioned. On August 26, 1904, Ralph Lowe made a deed of said tract to Francisco Passantino. It is upon the identify of the grantee intended by that deed that this whole action rests. This plaintiff claims he was the

grantee. The defendant claims Francisco Passantino, Sr., was the grantee intended. That was a question of fact and the trial court found the plaintiffs never had any interest in said property or any part thereof. There was some indirect evidence for and against the contention of each party. The trial court adopted that in favor of the defendant. We may not say there was no evidence to support that finding. At the time Lowe executed his deed, a deed of trust was executed by Francisco Passantino to Lowe. It was signed by a mark. Francisco Passantino, Jr., and his father were both on the land at that time. The plaintiff remained less than one year. His father continued to occupy it until his death in 1931. He paid the taxes and the interest. When a certain insured building burned, the father collected the insurance. Litigation arising over the management and improvement of the property was conducted by the father. He farmed the ground and built buildings thereon. He harvested the crops and marketed them. Whereas, during that entire time, although the plaintiff knew what his father was doing, he did not interfere nor did he do or participate in doing any of said acts. Another significant set of circumstances is this. August 26, 1904, the deed of trust was executed to Lowe. The father could not write his name. The son could write his name when he came to this country. That deed was signed by a mark. In 1906 the father, for the purpose of clearing the title, conveyed to L. S. Cavallero. The latter reconveyed to Francisco Passantino, Sr., and thereafter all conveyances were made so describing the father.

It was the claim of the plaintiffs that Lowe's deed was made to Passantino, Jr., as grantee; that he entrusted the care and management of the property to his father in 1905, who agreed to care for and manage it, pay the taxes, and attend to repairs. Continuing, they claimed they had never encumbered the property nor authorized any encumbrance. As stated above, the defendant pleaded the laches of the plaintiffs. The trial court found in favor of the defendant. It will be conceded at once there was a conflict in some of the evidence. However, there was ample evidence to support the findings of the trial court.

The trial court found that the plaintiffs' action was barred by the provisions of sections 318, 319 and 320 of the

Code of Civil Procedure. The plaintiffs contend the possession of Francisco Passantino, Sr., was not adverse, hence their action was not barred. The vice in that contention is the claim that there was no evidence such holding was adverse. There was clear evidence to that effect. In 1914 Francisco Passantino, Sr., brought an action against a well digger for breach of contract to sink a well on the property in suit. His son was present and never asserted his title to the land. The father signed notes to borrow moneys under the deed of trust above mentioned. His son, one of the plaintiffs, signed his name on the notes as a witness to his father's signature. He knew of his father's death in 1931, but no action was brought until March, 1934. This additional finding was likewise supported by the evidence.

The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.*, concurred.